# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**OTIS DAWSON,**

    Plaintiff,

v.                                                                          Case No. 20-CV-714

**STEVEN JOHNSON,**

    Defendant.

## SCREENING ORDER

Plaintiff Otis Dawson, an inmate confined at the Milwaukee Secure Detention Facility ("MSDF"), filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that the defendant violated his civil rights by failing to provide access to sunlight and the outdoors. This matter is now before me on Dawson's motion for leave to proceed without prepaying the filing fee, motion to amend his evidence, and for screening of his complaint.

I have jurisdiction to resolve Dawson's motion to proceed without prepaying the filing fee and to screen the complaint in light of Dawson's consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

1. *Motion for Leave to Proceed without Prepaying the Filing Fee*

The Prison Litigation Reform Act (PLRA) applies to this case because Dawson was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On May 11, 2020, I ordered Dawson to pay an initial partial filing fee of $37.63. (ECF No. 5.) Dawson paid that fee on June 18, 2020. I will grant Dawson's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

2. *Screening the Complaint*

   *2.1 Federal Screening Standard*

Under the PLRA, I must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, I apply the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6).

*See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). I construe *pro se* complaints liberally and hold them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*2.2 Dawson's Allegations*

Dawson alleges that he has not received any sunlight or outdoors time while he has been an inmate at the MSDF (four months at the time he wrote the complaint). (ECF No. 1 at 2.) He has requested outdoors time from the Psychiatric and Health Services Units but alleges that "they couldn't do that." (*Id.* at 3.) He alleges that

3

without any sunlight exposure, he has developed depression, which is "draining all the life out of me." (*Id.*) He alleges that his depression, combined with his preexisting PTSD, makes it difficult for him to sleep at night. (*Id.*) Dawson seeks compensatory and punitive damages under state and federal law. (*Id.*)[1]

*2.3 Analysis*

I review Dawson's allegations regarding a lack of sunlight under the Eighth Amendment's prohibition on cruel and unusual punishments. *See generally Wilson v. Seiter*, 501 U.S. 294 (1991). The conditions of a prisoner's confinement may be considered cruel and unusual when they "deprive inmates of the minimal civilized measure of life's necessities" as judged under a "contemporary standard of decency." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) (citing *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976)). The Court of Appeals for the Seventh Circuit has concluded that deprivation of outdoor exercise for over one year may constitute an Eighth Amendment violation. *See Winger v. Pierce*, 325 F. App'x 435, 436 (7th Cir. 2009); *see also* Wis. Stat. § DOC 350.33(3) ("When and where available, at least one hour of daily exercise and recreation is outside the cell or outdoors."). Other courts have differed over whether a lack of sunlight constitutes an Eighth Amendment claim. *See Lindell v. Frank*, No. 06-C-608-C, 2006 WL 3300379, at \*7–\*8 (W.D. Wis. Nov. 13, 2006) (citing cases and concluding that inmate's allegations that he received only two and a half hours of sunlight each week stated a claim); *see also* Wis. Stat. § DOC

---

[1] Dawson moves "to amend [his] evidence" to add three Wisconsin Department of Corrections statutes. (ECF No. 12.) I will **GRANT** the motion and consider those statutes for purposes of this decision.

350.05(3)(f) (providing that "dayrooms, dormitories, and cellblocks shall provide the occupants with access to natural light").

While it is possible Dawson's allegations could state an Eighth Amendment claim, he has a bigger problem than lack of clear precedent. Dawson's problem is that he names only Steven Johnson as a defendant but does not allege that Johnson deprived him of outdoors time. To state a claim against Johnson under § 1983, Dawson must allege how Johnson "personally participated in or caused the unconstitutional actions." *Alejo v. Heller*, 328 F.3d 930, 936 (7th Cir. 2003) (citing *Duncan v. Duckworth,* 644 F.2d 653, 655 (7th Cir. 1981)); *see also Twombly*, 550 U.S. at 570 (holding that a complaint that fails to allege any action by a defendant necessarily fails to "state a claim for relief that is plausible on its face"). Without any allegations describing Johnson's actions, Dawson does not state a claim against Johnson. Nor can Dawson sue the MSDF itself because the prison is not a "person" subject to suit under § 1983. *See Andreola v. Wisconsin,* 211 F. App'x 495, 497 (7th Cir. 2006) (citing *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989)).

To the extent Dawson alleges that the defendants violated prison regulations or policies, he does not state a claim. The violation of prison policy, regulation, or practice does not state a claim under § 1983. *See Estate of Simpson v. Gorbett*, 863 F.3d 740, 746 (7th Cir. 2017); *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001).

Dawson also seeks to proceed against Johnson under state law for intentional infliction of emotional distress. Because I am dismissing Dawson's federal claim, I **DECLINE** to exercise supplemental jurisdiction over any claims arising under

5

state law. Those state law claims are **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

Because it is possible Dawson could state an Eighth Amendment claim with more detail, I will allow him an opportunity to amend his complaint. When writing his amended complaint, Dawson should provide enough facts to answers to the following questions: 1) Who violated his constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? Dawson's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide me and each defendant with notice of what each defendant allegedly did or did not do to violate his rights.

I will enclose a copy of the court's complaint form and instructions. Dawson must list all defendants in the caption of his amended complaint. He should use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring and to describe which defendants he believes committed the violations that relate to each claim. The amended complaint takes the place of the prior complaint and must be complete, without reference to his prior complaint.

**THEREFORE, IT IS ORDERED** that Dawson's motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Dawson's motion to amend his evidence (ECF No. 12) is **GRANTED**.

**IT IS FURTHER ORDERED** that the complaint fails to state a claim.

6

**IT IS FURTHER ORDERED** that Dawson may file an amended complaint that complies with the instructions in this order on or before August 21, 2020. If Dawson files an amended complaint by the deadline, I will screen the amended complaint under 28 U.S.C. § 1915A. If Dawson does not file an amended complaint by the deadline, I will dismiss this case based on his failure to state a claim in his original complaint and will issue him a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Clerk's Office shall mail Dawson a blank prisoner complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions" along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Dawson shall collect from his institution trust account the $312.37 balance of the filing fee by collecting monthly payments from Dawson's prison trust account in an amount equal to 20% of the preceding month's income credited to Dawson's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Dawson is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the Warden of the MSDF, where Dawson is confined.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[2] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Dawson is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Dawson is reminded that it is his responsibility to promptly notify me if he is released from custody or transferred to a different institution. Dawson's failure to keep me advised of his whereabouts may result in the dismissal of this case without further notice.

---

[2] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Dated at Milwaukee, Wisconsin, this 17th day of July, 2020.

                                        **BY THE COURT:**

                                        s/*Nancy Joseph*
                                        Nancy Joseph
                                        United States Magistrate Judge